921 F.2d 272
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Petitioner-Appellee,
v.
Wayne Franklin SCHNEIDER, Respondent-Appellant.
 No. 90-7333.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 30, 1990.
Decided Dec. 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-90-19)
 William E. Martin, Federal Public Defender, Jeffrey Lee Starkweather, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret P. Currin, United States Attorney, Eileen G. Coffey, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wayne Franklin Schneider appeals from the district court's order committing him to the custody of the Attorney General pursuant to 18 U.S.C. Sec. 4246. We affirm.
 
 
 2
 Schneider was charged in the Eastern District of Connecticut with sending threatening mail in violation of 18 U.S.C. Sec. 876. He threatened to kill his parents, an attorney, and a doctor. He was arrested after telling a counselor that he intended to leave Connecticut and go to Texas and kill these people. The Connecticut district court held a hearing pursuant to 18 U.S.C. Sec. 4241(d) and found Schneider incompetent to stand trial. The court ordered him committed to FCI-Butner for treatment. The Warden of FCI-Butner subsequently filed a certificate pursuant to 18 U.S.C. Sec. 4246(a) with the District Court for the Eastern District of North Carolina.
 
 
 3
 The North Carolina district court held a hearing and found that the government had established by clear and convincing evidence that Schneider is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another and ordered him committed. See 18 U.S.C. Sec. 4246(d). The district court's determination under Sec. 4246 must not be set aside on review unless it is clearly arbitrary or unwarranted. See Hall v. United States, 410 F.2d 653 (4th Cir.), cert. denied, 396 U.S. 970 (1969).
 
 
 4
 Dr. Johnson, the director of the mental health unit at Butner and a member of Schneider's evaluation team, testified that Schneider was suffering from a mental disease or disorder, a paranoid disorder of the persecutory type. She said that he believed that his parents and others, such as members of the Butner staff, are involved in some type of organized system to discredit and persecute him. She stated that Schneider harbors intense anger toward these people, especially his parents, and that the intensity of these feelings is increasing and the group of people he feels he needs to react against is getting larger. Her opinion was that he presents a high risk of danger to others in the community if he is released.
 
 
 5
 Dr. Royal, another forensic psychiatrist, testified to several diagnoses of Schneider, including organic personality disorder, schizotypo personality disorder and "a lot of paranoid delusional kind of material." His opinion was that Schneider's problems were somewhat less severe than Dr. Johnson believed, and Dr. Royal opined that Schneider would not present a danger on release so long as he stayed away from those he was antagonistic toward. However, Dr. Royal could not predict what might happen if Schneider made contact with his parents or other members of the identified group.
 
 
 6
 During the hearing, Schneider interjected numerous statements. He contested the testimony of Dr. Johnson, often using vulgar language, made it difficult for the district court to announce its findings from the bench, and flung a Bible in the direction of the court.
 
 
 7
 Schneider does not contest the determination that he suffers from a mental illness. Even if he did, the evidence fully supports a finding that he suffers from a mental disease or defect. The testimony of both psychiatrists supports this determination.
 
 
 8
 Schneider contends, however, that the government failed to prove that his release would pose any risk to others, especially a substantial risk. He argues that he has no arrest record and that there was no substantial evidence of past violent behavior, even when he was living in close proximity to his parents. Also, he states that he plans to stay in Connecticut, away from his parents and the others he threatened in Texas.
 
 
 9
 However, Dr. Johnson's testimony was that his anger toward his parents and others is still growing in intensity and scope. He still wishes to harm them. He sent the threatening letters and just before his arrest spoke of his intent to go to Texas and harm them. The record reflects that Schneider has the ability to travel throughout the country. Schneider also spoke during his outbursts of possessing a handgun. His outbursts in the courtroom show that Schneider cannot keep his feelings under control, even in the face of stiff warnings from the court. For all these reasons, we find that the district court did not err in determining that the government had proved its case.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.